**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3543
_____

AGUS KURNIA PUTRA ONG,
                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                    Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A096 257 812
Immigration Judge:  R.K. Malloy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 8, 2010

Before: SLOVITER, JORDAN and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed :September 9, 2010)
_____

OPINION
_____

PER CURIAM

     Agus Kurnia Putra Ong petitions for review of an order of the Board of

Immigration Appeals ("BIA"), which, following remand by this Court, dismissed once

again his appeal of an Immigration Judge's ("IJ") final removal order.  We will deny the

petition for review.

I.

Ong is an ethnic Chinese native and citizen of Indonesia. He was baptized a Christian when he was fourteen years old. Ong entered the United States in 2001 on a non-immigrant visa and stayed longer than permitted. Ong applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), based on his allegations that he had been, and would be, persecuted and/or tortured in Indonesia because of his ethnicity and religion. In his testimony before an IJ, Ong recounted incidents of criminal behavior that occurred in Indonesia between January 1997 and February 2000 while he was living in Indonesia. The IJ found that Ong was credible, but that the problems Ong had encountered did not rise to the level of past persecution. For example, the IJ noted that the robberies Ong had described were crimes rather than persecution, and the incident in which his parents' store was looted and his mother was almost raped occurred during a period of general civil crisis and was thus not persecution. The IJ also noted Ong's testimony that he did not attend church often in the United States because of his work schedule. The IJ noted that Bethany Church, which is the church Ong said he attended, had services at times other than Sunday mornings, and that Ong did "not appear to be a person who is so dedicated to the church . . . ." A.R. 166-67.

The IJ found that Ong's asylum application was untimely, but that even if it were

2

timely, Ong did not meet the burden of showing that he suffered past persecution, or that he would suffer future persecution on account of a statutorily protected ground in the future. The IJ acknowledged that there was still discrimination against ethnic Chinese people in Indonesia, but that discriminatory laws were being abolished. The IJ noted that Christianity is recognized as one of the major religions in Indonesia, and found no evidence that the government of Indonesia was singling out Christians for persecution. The IJ also noted steps that the government was taking to try to protect churches in Indonesia. The IJ thus denied withholding of removal, and also denied relief under the CAT, finding no evidence in the record that Ong would be tortured in Indonesia.

On appeal, the BIA agreed that Ong's asylum application was untimely. The BIA also agreed with the IJ that Ong's "testimony was insufficient to establish past persecution or a well-founded fear of persecution on account of a protected ground for purposes of asylum," and that he could thus not meet the higher burden for withholding of removal. The BIA noted that Ong conceded in his brief to the BIA that this Court and the BIA had "previously determined, in similar circumstances, that the burden of proof for relief had not been met," but that he argued that the existing law should be reexamined and changed. A.R. 93-94 (see also Respondent's Brief, A.R. 101-02). The BIA explained that it was constrained to follow the law of this Court and of the BIA unless such precedent had been modified or overruled. A.R. 94. The BIA noted that Ong did not make any argument regarding the denial of relief under the CAT. Id.

3

Ong filed a timely petition for review, represented by new counsel. See Ong v. Attorney General, C.A. No. 08-2762. After Ong filed his brief, the Government filed an unopposed motion to remand, arguing that the BIA should on remand examine claims Ong raised in his brief "that it was inappropriate to find him ineligible for relief based on his level of religious dedication since his arrival to the United States," and argued that the "BIA should examine the inclusion of extra-record evidence to support that finding." This Court granted the motion, and the matter was remanded.

The BIA found that "it was not appropriate for the [IJ] to take administrative notice of the church services available to the respondent," and found that Ong's level or religious participation in the United States did not "necessarily weaken[] his claim to past persecution in Indonesia on account of being a Christian or being ethically [sic] Chinese." A.R. 4. The BIA stated, however, "based on the testimony and other evidence presented by [Ong], we find now, as we did in our May 22, 2008, decision, that the respondent failed to satisfy his burden of proof of establishing past persecution or a likelihood of future persecution, on account of a protected ground." Id.

The BIA noted that Ong had submitted with his brief the United States Department of State International Religious Freedom Report for Indonesia for 2008. The BIA held that to the extent the submission could be construed as a motion to remand, it was insufficient, absent supporting affidavits or other materials, to show that the claim for withholding of removal would be likely to succeed on the merits. The BIA noted that the

4

voluntary departure period could not be tolled, as it had expired. The BIA ordered that the "appeal remains dismissed." Ong filed a timely petition for review.

## II.

Ong seeks to raise two issues in his brief here.[1] First, he argues that "the BIA's failure to properly review the entire record below deprived the Petitioner [of] his procedural due process right to a full and fair hearing." Second, he argues that the BIA erred in affirming the IJ's decision denying withholding of removal "on the grounds that he had not established a clear probability of future persecution."[2] Petitioner's Brief at 7.

We first consider the scope of our review. Ong filed a timely petition for review of the May 22, 2008 decision of the BIA. We thus have jurisdiction to consider the BIA's original decision denying withholding of removal, and, as the BIA adopted some of the findings of the IJ and made additional findings, we also review the decision of the IJ. Gomez-Zuluaga v. Att'y Gen., 527 F.3d 330, 339 (3d Cir. 2008). Because we granted

---

[1] Ong makes no mention of the IJ's decision to pretermit his asylum application, and in any event, this Court lacks jurisdiction to review the IJ's determination that Ong's asylum application was not timely filed. See 8 U.S.C. § 1158(a)(3); Tarrawally v. Ashcroft, 338 F.3d 180, 185 (3d Cir. 2003). Ong's brief also lacks any reference to the denial of relief under the CAT. Accordingly, the claim has been waived. Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004).

[2] To be eligible for withholding of removal, Ong was required to demonstrate that "there is a greater-than-fifty-percent chance of persecution" in Indonesia based on one of the protected grounds, such as religion or ethnicity. Senathirajah v. INS, 157 F.3d 210, 215 (3d Cir. 1998); see also 8 U.S.C. § 1231(b)(3)(C). If an alien proves past persecution, a rebuttable presumption of future persecution is created. Kaita v. Att'y Gen., 522 F.3d 288, 296 (3d Cir. 2008).

the Government's motion to remand for consideration of two discrete issues (the "church attendance issues"), the BIA properly found that the remand was limited to consideration of those two issues, and we may review its treatment of the church attendance issues here. We also have jurisdiction to consider the BIA's denial of the motion to remand. Our scope of review is limited by the requirement that an alien "raise and exhaust his or her remedies as to each claim or ground for relief if he or she is to preserve the right of judicial review of that claim." Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003); 8 U.S.C. § 1252(d)(1).

Ong did not raise a Due Process claim in either of his briefs to the BIA. We thus lack jurisdiction to consider it as such. Ong did, however, argue in his first brief to the BIA that the IJ erred by failing to find that the cumulative mistreatment Ong suffered constituted past persecution for purposes of withholding of removal. A.R. 100.[3] Ong notes that the BIA failed to discuss certain incidents in its decisions; e.g., his claim that his neighbors threatened to burn down his house if he did not stop hosting worship services in his home, and an incident in July 1999 when he was beaten in front of his home by a native Indonesian who used racial epithets.

The BIA must provide sufficient detail to allow the reviewing court to discern the

---

[3] Because the remand (and thus the second brief to the BIA) should have been limited to the church attendance issues, the claim that the IJ failed to consider the cumulative effect of the incidents Ong experienced was only properly raised in the first brief to the BIA.

basis of its decision, but we will not find a decision insufficient merely because it "could be more detailed." Toussaint v. Att'y Gen., 455 F.3d 409, 414 (3d Cir. 2006) (quotation and citation omitted). Here, the Board provided enough detail for us to conduct a meaningful review of its denial of Ong's withholding claim. The BIA's determination that Ong had not met his burden of proving by objective evidence that it was more likely than not that he would be persecuted upon his return to Indonesia indicates that the Board had considered all of the evidence of record. Cf. Toussaint, 455 F.3d at 415 ("BIA's reference to 'insufficient evidence' indicates that it weighed the evidence and found it lacking . . . .").

Further, the evidence Ong points to does not appear sufficient to change the IJ's decision that Ong had not met his burden of showing that it is more likely than not that he would be persecuted. Persecution is defined as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005) (quoting Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993)). Although the incidents that Ong suffered are deplorable, the criminal acts and harassment do not rise to the level of persecution that would compel a conclusion contrary to the determinations of the IJ and the BIA. See Lie, 396 F.3d at 536; Kho v. Keisler, 505 F.3d 50, 57- 58 (1st Cir. 2007) (where two churches that petitioner attended in Indonesia were burned down and he experienced a non-violent mugging,

7

discrimination, and a verbal insult, petitioner had not established past persecution).[4]

Ong's second argument is that the BIA erred in affirming the IJ's decision denying withholding of removal on the grounds that he had not established a clear probability of future persecution. Because Ong did not establish past persecution, there was no presumption that he would be persecuted in the future. Ong acknowledged in his first brief to the BIA, citing Lie, that this Court had denied asylum for a Chinese Christian victim of a robbery in Indonesia, and that this Court had not found a pattern or practice of persecution of Christians in Indonesia, but he argued that the law should be re-examined. A.R. 101-02. The BIA properly found that it was constrained to follow the law of the Court.

Relatedly, Ong now argues that evidence in the 2005 and 2008 Country Reports shows "that violence against ethnic Chinese Christians is widespread, systemic and pervasive." Petitioner's Brief at 30. The 2005 Country Reports were part of the record before the IJ. Exhibit 7A & 7B, A.R. 154. Any argument that the IJ failed to consider those reports is waived as Ong did not so argue in his first brief to the BIA. Further, the 2005 reports have little relevance to a consideration of whether Ong will be persecuted in

---

[4] Ong also appears to argue that the IJ's consideration of Ong's religious dedication in the United States caused the IJ to fail to find that Ong was persecuted in the past. Even if the IJ improperly allowed the issue of Ong's church attendance to color her consideration of whether Ong was persecuted in the past, the BIA recognized the IJ's possible error and still found that Ong had failed to meet his burden of showing past persecution. The record does not compel us to find otherwise.

the future.

Ong does not explicitly challenge the BIA's denial of what it construed as his motion to remand for consideration of the State Department's 2008 religious freedom report. He does, however, complain that the "Board erroneously refused to consider" the report, and that it erroneously found the report was not "new material evidence of persecution of Christians in Indonesia." We find that the BIA did not abuse its discretion in denying Ong's implicit motion. Ong quotes the report's finding that the Indonesian "government tolerated discrimination against and the abuse of religious groups by private actors and often failed to punish perpetrators." Petitioner's Brief at 31, quoting the report at A.R. 26. Discrimination is not the same as persecution, and it is not even clear from the report whether this quote refers to discrimination against Christians. The Report does say that "[s]ome groups used violence and intimidation to force at least twelve churches [] to close." A.R. 26. However, this does not appear to be significantly different than the conditions that we have found to fall short of a pattern or practice of persecution. Sioe Tjen Wong v. Att'y Gen., 539 F.3d 225, 233 (3d Cir. 2008) (although "2003 and 2004 State Department reports document ongoing harassment of Chinese Indonesians and isolated incidents of anti-Christian violence, including the burning of seven churches in 2003 and ten churches in 2004, the reports do not indicate that such violence is widespread or systemic."). The BIA thus did not abuse its discretion in denying the motion for remand.

9

For the foregoing reasons, we will deny the petition for review.[5]

_____

[5] As the BIA noted, Ong's voluntary departure period expired long ago. We thus deny his request to toll the period as moot.